[No. 21520. Department One. December 6, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. LEIGH MERCER, *Appellant.*[1]

*Lee C. Delle* and *W. C. Gresham,* for appellant.

*H. A. Davis,* for respondent.

TOLMAN, J.—Appellant was tried and convicted upon a charge of grand larceny, and has appealed from a judgment and sentence upon the verdict.

The errors assigned go to rulings denying a motion to suppress evidence, admitting some evidence so moved against, the giving of one instruction, the denial of a motion for a new trial, and the sentence to the

[1]Reported in 272 Pac. 719.

state reformatory for not less than eighteen months or more than three years.

█ Evidence was taken at the hearing on the motion to suppress. The sheriff and one of his deputies testified that the accused had freely consented to a search of his place of residence where the incriminating articles were found. The accused flatly denied that any such consent was given. Manifestly the question was determinable as a matter of fact only, and we cannot say that the trial court, who heard and saw the witnesses, erred in believing the two and disbelieving the one who had, perhaps, the greatest personal interest in the outcome.

The motion to supress having been rightly denied, there can be no error in admitting the evidence over a like objection renewed at the trial.

█ We do not discuss the legality of the search of the person of the accused under the circumstances shown by the record, because it appears that nothing incriminating, or which could possibly prejudice him in the eyes of the jury, was then found. Nor has our attention been directed to any portion of the record indicating that anything then taken from the person of the accused was offered or received in evidence.

█ The instruction complained of reads:

"If the jury finds from the evidence that a larceny was committed as alleged, and that the defendant actively participated in such larceny, aided and assisted any other person or persons therein, then defendant and all persons so engaged in such larceny, if any you find, would be equally guilty of such consummated crime, and you should find the defendant guilty as charged."

It was the theory of the state, and the evidence tended largely to show, that the appellant committed the crime alone and single-handed, yet there was evi-

dence from which the jury might have reasonably drawn the inference that at least two persons participated in the acts, or some of the acts, going to constitute the crime; therefore the instruction was proper.

The only other assignment of error which is argued is that going to the length of the sentence. It appears that appellant is young in years, of good family, and never before was accused of wrongdoing; and that at the time sentence was imposed he had already been confined in the county jail for a period of some four months. Still, the crime was a serious one, involving elements of the still more serious crime of burglary. A careful consideration of the record reveals nothing to indicate that the trial court in any wise exercised anything other than a sound judicial discretion in fixing the sentence.

The judgment is affirmed.

FULLERTON, C. J., MITCHELL, and BEALS, JJ., concur.